UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| KENDALL JOHN PETERSEN,<br><br>Plaintiff,<br><br>v.<br><br>CITIBANK, N.A., *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:26-cv-23-TRM-MJD |

**MEMORANDUM AND ORDER**

Before the Court is a Motion to Compel [Doc. 28 ("Motion")] filed by Defendant Newrez, LLC ("Newrez"). Plaintiff Kendall John Petersen ("Plaintiff") filed an expedited response [Doc. 32] and Newrez filed an expedited reply [Doc. 33]. This matter is now ripe.

Newrez served its First Set of Interrogatories and Requests for Production on July 13, 2026 (the "Discovery Requests"), making Plaintiff's responses due August 12, 2026. Plaintiff did not timely respond or object, and so Defendant emailed Plaintiff on August 14 and August 24 to inquire about Plaintiff's responses. Plaintiff did not respond to the emails. On August 28, Newrez wrote that it "will be moving forward with a motion pursuant to [Local Rule] 37.2 on Monday, given the lack of response to the discovery." [Doc. 28-4]. Again, Plaintiff did not respond to the correspondence or serve any responses to the Discovery Requests.

On Monday, August 31, Newrez filed the Motion as promised. Discovery closed that same day. [*See* Doc. 25]. Plaintiff served his discovery responses two days later, on September 2 [Doc. 32]. Newrez has not argued the responses are deficient or incomplete, and the Motion is therefore moot to the extent that it sought to compel the tardy responses. The Motion is not completely moot,

however, because Newrez also asks the Court to order Plaintiff to pay its "costs related to this motion as necessitated by Plaintiff's delay pursuant to Rule 37." [Doc. 28 at Page ID # 177].

Federal Rule of Civil Procedure 37(a)(5)(A) provides that when a motion to compel is granted, or *if the requested discovery is provided after a motion to compel is filed*, "the court must . . . require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The Court is relieved of its obligation to award reasonable expenses if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."

Plaintiff argues that an award of expenses is not justified because Newrez's emails reflect "demands for an ETA followed by notice of intended motion practice," rather than a meaningful attempt to confer with Plaintiff and obtain the discovery without court intervention [Doc. 32 at Page ID # 239]. He cites to *Neale v. Coloplast*, No. 1:18-cv-274-TRM-SKL, 2020 WL 8771652 (E.D. Tenn. Sept. 3, 2020), in which this Court held that a movant was not entitled to Rule 37(a)(5)(A) fees due to their failure to confer or attempt to confer in good faith. This case is readily distinguishable from *Neale*, however. In *Neale*, the parties had disputes over several discovery requests, but the plaintiff/movant "specifically addressed only a single interrogatory" during a "five-minute telephone call" with the defendant. *Neale*, 2020 WL 8771652, at *1. Plaintiff then moved to compel and made a blanket challenge to all of the defendant's responses. *Id.*

In this case, Plaintiff's counsel chose to ignore and/or failed to respond to Newrez's counsel's numerous efforts to ascertain the status of Plaintiff's overdue discovery responses. The

record clearly reflects Plaintiff's counsel read the emails as they were received. [*See* Doc. 30-1 at Page ID # 213 (Sworn Declaration of Plaintiff's Counsel, stating: "On August 14, 2026, after counsel for NewRez followed up concerning Plaintiff's overdue responses to NewRez's discovery, I asked my staff whether Plaintiff had served discovery requests on Defendants.")]. Newrez's efforts also came at a time when the close of discovery was imminent. There may well be circumstances in which the Court would expect a party to do more than send a few emails, but where the issue is simply the absence of any response whatsoever in the days leading up to the close of discovery, the Court strains to see what more Newrez should have done.

Plaintiff also argues that other circumstances make an award of expenses unjust, including changes to the scheduling order and Plaintiff's counsel's "physical office relocation" and law firm merger during "the latter part of August 2026." [Doc. 32 at Page ID # 237]. In addition, Plaintiff notes that he promptly served the discovery after the Motion was filed, indicating there was no "tactical refusal to participate in discovery." [Doc. 32 at Page ID # 240]. Respectfully, while these circumstances are relevant, they do not make an award of expenses unjust nor do they substantially justify Plaintiff's noncompliance.[1] Plaintiff does not cite to any authority that persuades the Court otherwise.

As to the amount of the award, Plaintiff asks the Court to require Newrez to file a separate, "properly supported fee application, establishing the hours, rates, and expenses actually incurred in making [the Motion], with Plaintiff afforded an opportunity to respond before any amount is fixed." [Doc. 32 at Page ID # 241]. Newrez did not address this request in its reply and it has not

---

[1] Indeed, NewRez notes in its reply that Plaintiff never raised any of these purported obstacles (*i.e.*, the alleged confusion over the scheduling order or an office move) with NewRez or the Court prior to NewRez's filing of the Motion. The Court is not unsympathetic to the demands practicing lawyers may face, but the failure or unwillingness to communicate with opposing counsel is rarely justified.

otherwise requested a specific amount or submitted any billing records. Nevertheless, rather than require the parties and the Court to continue to put more resources into this discovery dispute, the Court will award $500 to Newrez pursuant to Rule 37(a)(5)(A). The Court finds this is a reasonable amount given the nature of this discovery dispute, the overall circumstances of the case, and the legal market in the Eastern District of Tennessee. *See Heithcock v. Milbank Ins. Co.*, No. 1:23-cv-43, 2025 WL 984850, at *4 (M.D. Tenn. Jan. 28, 2025) ("When reviewing requests for fees, trial courts 'may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.'" (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011))).

For the reasons set forth above, the Motion [Doc. 28] is **GRANTED IN PART AND DENIED IN PART AS MOOT**. Newrez is awarded $500 in fees and expenses as a discovery sanction related to the Motion. The Motion is denied as moot in all other respects.

SO ORDERED.

ENTER:

/s/
MIKE DUMITRU
UNITED STATES MAGISTRATE JUDGE