**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| KENDALL JOHN PETERSEN, | ) | |
| | ) | Case No. 1:26-cv-23 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Michael J. Dumitru |
| CITIBANK, N.A., *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

---

**MEMORANDUM OPINION**

---

Before the Court are Defendants Citibank, N.A ("Citibank) and Newrez, LLC's ("Newrez") motion for summary judgment (Doc. 42). For the following reasons, the motion (*id.*) will be **GRANTED**.

## I. BACKGROUND[1]

On September 21, 2022, Plaintiff purchased real property located at 8936 Silver Maple Drive, Ooltewah, Tennessee 37363, through a residential mortgage loan. (Doc. 42-1.) The loan was secured by a deed of trust. (*Id.*) The deed of trust provides, in relevant part:

> 15. All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means . . .

---

[1] Plaintiff did not respond to Citibank and Newrez's motion for summary judgment. As a result, the factual background is drawn from the evidence supplied by the Defendants in support of their motion for summary judgment. *See Guarino v. Brookfield Twp. Trustees*, 980 F. 2d 399, 405 (6th Cir. 1992) ("This burden to respond [to a motion for summary judgment with specific facts] is really an opportunity to assist the court in understanding the facts. But if the non-moving party fails to discharge that burden—for example, by remaining silent—its opportunity is waived and its case wagered.").

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.
>
> If Lender invokes the power of sale, Trustee shall give notice of sale by public advertisement in the county to which the Property is located . . . and Lender or Trustee shall mail a copy of the notice of sale to borrower in the manner provided in Section 15.
>
> 24. Substitute Trustee. Lender, at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder by an instrument recorded in the county in which this Security Instrument is recorded. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by Applicable Law.

(*Id.* at 10–13.)

On April 15, 2024, "Shellpoint Mortgage Servicing, the Servicer of the . . . loan acting on behalf of" Citibank mailed Plaintiff a "formal notice" that he was in default under the terms of the deed of trust. (Doc. 42-3, at 3.) The letter, sent via First-Class Mail, notified Plaintiff that he had the right to cure his default by making a payment of the amount due by May 20, 2024. (*Id.*)

On May 16, 2024, a "Corporate Assignment of Deed of Trust" assigned the deed of trust to Citibank. (Doc. 42-2.)

On August 21, 2024, Citibank appointed Mickel Law Firm, P.A. ("Mickel"), as "Substitute Trustee of said deed of trust in the place and stead of said discharged Trustee . . .

giving and granting to the Substitute Trustee herein all the powers, duties and authority of said discharged Trustee(s)." (Doc. 42-4.)

On October 1, 2025, Mickel mailed a "notice of substitute trustee's sale" to Plaintiff via First-Class Certified mail. (Doc. 42-5.) The letter states:

> [Mickel] has been retained by [Citibank] to proceed with a foreclosure of the referenced property. A Substitute Trustee's Sale of this property has been scheduled for November 20, 2025 at or about 11:00 PM in accordance with the enclosed Notice of Substitute Trustee's Sale. A determination as been made that you may have some interest in or claim against the Property. *Any interest you may claim in the subject property will be extinguished as a consequence of the upcoming foreclosure* . . . . You are hereby given formal notice of the following: 1. The loan secured by the Property is in default . . . . 3. IF YOU DO NOT TAKE IMMEDIATE ACTION, YOU MAY LOSE YOUR INTEREST IN THE ABOVE PROPERTY.

(*Id.*)

The mailing is documented in a "Declaration of Mailing," in which a "Mail Production Specialist" at iMailTracking, LLC declares that "[a]t the request of Mickel Law Firm P.A. on 10/1/2025, [she] deposited in the United States mail" the notice of substitute trustee's sale. (Doc. 42-5, at 1.) The declaration indicates that she sent the letter by First-Class Certified Mail. (Doc. 42-5, at 1.) Exhibit A to the Declaration of Mailing (*Id.* at 6–7) shows that Mickel mailed the letter to "Kendall John Petersen aka Kendall Petersen" at 8936 Silver Maple Dr., Ooltewah, TN 37363-2906, among others.[2]

The foreclosure sale on the property took place on November 20, 2025. (*See* Doc. 42-6, at 7.)

---

[2] The declaration also states that the notice of substitute trustee's sale was sent to Tiffany Petersen at 8936 Silver Maple Dr., Ooltewah, TN 37363-2906; "President, Kammer Holdings, LLC, a New Mexico Limited Liability Company c/o Kammer Holdings, LLC – Agent;" "President, The Retreats at White Oak Homeowners Association, Inc. c/o Morris Property Management, Inc. – Agent;" and the "Tenants and/or Occupants" at 8936 Silver Maple Dr., Ooltewah, TN 37363-2906." (Doc. 42-5, at 6–7.)

This case was removed to this Court on January 30, 2026. (*See* Doc. 1.) On April 17, 2026, Defendants filed a motion for judgment on the pleadings, arguing they complied with the relevant terms of the deed of trust. (*See* Docs. 18, 19.) On May 22, 2026, the Court denied the motion as to Plaintiff's claim that Defendants breached the notice-of-sale provision in the deed of trust and granted the motion as to Plaintiff's other claims of breach of contract and as to his request to quiet title.[3] (Doc. 21.) The only claim remaining after the judgment on the pleadings, therefore, "concerns whether the required Notice of Sale for the November 20, 2025 foreclosure was mailed in compliance with the Deed of Trust." (Doc. 42-6, at 5.)

Defendants filed the present motion for summary judgment (Doc. 42) on September 28, 2026. Plaintiff did not provide a timely response to the motion and forfeited any opposition to the motion. *See* E.D. Tenn. L.R. 7.1(a), 7.2. The motion is now ripe for the Court's review.

## II. STANDARD OF LAW

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court views the evidence in the light most favorable to the nonmoving party and makes all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

The moving party bears the burden of demonstrating that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The moving party may meet this burden either by affirmatively

[3] As explained in the order, Defendants' motion was also denied as to Plaintiff's remaining claims and remedies that hinged on his claim for breach of contract, including breach of the implied covenant of good faith and fair dealing and various remedies sought. (*See* Doc. 21.)

producing evidence establishing that there is no genuine issue of material fact or by pointing out the absence of support in the record for the nonmoving party's case. *Celotex*, 477 U.S. at 325. Once the movant has discharged this burden, the nonmoving party can no longer rest upon the allegations in the pleadings; rather, it must point to specific facts supported by evidence in the record demonstrating that there is a genuine issue for trial. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). When the nonmovant does not offer a response to the motion for summary judgment, however, "[t]he facts presented and designated by the moving party [are] the facts at hand to be dealt with by the trial court." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992).

When a motion for summary judgment is unopposed, the moving party still "bears the burden of demonstrating the absence of a genuine issue as to a material fact." *Carver v. Bunch*, 946 F.2d 451, 454 (6th Cir. 1991). When such a motion is unopposed, the district court must "examine the movant's motion for summary judgment to ensure that he has discharged [the initial burden of demonstrating the absence of a genuine issue as to a material fact]." *Id.* at 454–55. But the court must not "become an advocate for the nonmoving party." *Garnett v. Akron City Sch. District Bd. of Educ.*, 2023 WL 6632836, at *2 (6th Cir. Oct. 12, 2023); *see Guarino*, 980 F.2d at 406 (stating it is "utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party"). At the same time, the court "must not overlook the possibility of evidentiary misstatements presented by the moving party" and therefore must "intelligently and carefully review the legitimacy of . . . an unresponded-to-motion, even as it refrains from actively pursuing advocacy or inventing the *riposte* for a silent party." *Guarino*, 980 F.2d at 407, 410. "If the court determines that the unrebutted evidence set forth by the moving party supports a conclusion that there is no genuine

issue of material fact, the court will determine that the moving party has carried its burden, and 'judgment shall be rendered forthwith.'" *Shaw v. Parris*, 2022 WL 2294047, at *2 (E.D. Tenn. June 24, 2022) (quoting *Guarino*, 980 F.2d at 410).

## III. ANALYSIS

Under Tennessee law[4], a breach-of-contract claim has three essential elements: "(1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract." *Austin v. Camping World RV Sales, LLC*, No. 24-5329, 2025 WL 1091610, at *1 (6th Cir. Jan. 6, 2025) (quoting *Bynum v. Sampson*, 605 S.W.3d 173, 180 (Tenn. Ct. App. 2020)).

The parties' dispute centers on the second element: whether Defendants breached the deed of trust by failing to comply with the notice-of-sale provision.[5] (*See* Docs. 42, 42-6.) Breach is "nonperformance amounting to a breach of the contract." *Custom Built Homes v. G.S. Hinsen, Co.*, No. 01A01-9511-cv-00513, 1998 WL 960287, at *3 (Tenn. Ct. App. Feb. 6, 1998); *accord Synovus Bank v. Paczko*, No. M2014-00897-COA-R3-CV, 2015 WL 3455965, at *2015 Tenn. App. LEXIS 415, at *5 (Tenn. Ct. App. May 29, 2015).

---

[4] "[A] federal court sitting in diversity applies the choice-of-law rules of the state in which the court sits." *Performance Contracting Inc. v. DynaSteel Corp.*, 750 F.3d 608, 611 (6th Cir. 2014). The Court will therefore apply Tennessee choice-of-law rules. "Tennessee follows the rule of *lex loci contractus*," which "provides that a contract is presumed to be governed by the law of the jurisdiction in which it was executed absent a contrary intent." *Williams v. Smith*, 465 S.W.3d 150, 153 (Tenn. Ct. App. 2014). Here, the contract was executed in Tennessee, and thus Tennessee law applies to this contract dispute.

[5] In their motion for summary judgment, Defendants argue: "Plaintiff cannot establish that the Moving Defendants breached any provision of the Deed of Trust." (Doc. 42, at 1.) In Plaintiff's response to Defendants' interrogatories, he states: "Plaintiff's surviving contractual claim concerns whether the required Notice of Sale for the November 20, 2025 foreclosure was mailed in compliance with the Deed of Trust." (Doc. 42-6, at 5.)

The deed of trust's notice-of-sale provision required the "Lender or Trustee" to "mail a copy of the notice of sale to Borrower in the manner provided in Section 15." (Doc. 42-1, at 12.) Section 15 of the deed of trust states that notice "shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means . . . ." (*Id.* at 10.) As evidenced by the "Declaration of Mailing" (Doc. 42-5), a "Mail Production Specialist" at iMailTracking, LLC mailed the notice of substitute trustee's sale "at the request of Mickel Law Firm P.A. on 10/1/2025." The notice of sale was mailed by first class certified mail to Plaintiff at the "Property address," as shown by the checked boxes indicating the class of postage used and the page listing to whom the letter was mailed. (*Id.*) Defendants, therefore, mailed Plaintiff a notice of sale as required by Section 22 of the deed of trust. (*See* Doc. 42-1, at 12.) The notice was also mailed in accordance with Section 15 of the deed of trust, because it was "in writing," and was "given" to Plaintiff because it was "mailed by first class mail." (*Id.* at 10.) Accordingly, Defendants complied with the notice-of-sale provision of the deed of trust, Section 22, by mailing a Section 15-compliant notice of the November 20, 2025 sale to Plaintiff. (Docs. 42-1; 42-5.)

Mickel also had the notice mailed to Plaintiff. (*See* Doc. 42-2.) Under Section 24 of the deed of trust, Citibank had the power to "appoint a successor trustee" who "shall succeed to all the title, power and duties conferred upon Trustee herein and by Applicable Law." (Doc. 42-1, at 13.) Using this authority, Citibank appointed Mickel as substitute trustee in August 2024. (*See* Doc. 42-4.) As substitute trustee, Mickel had the duty to provide Plaintiff with notice of the foreclosure sale that complied with the deed of trust and did so here. *See Gibson v. Mortg. Elec. Registrations Sys., Inc.*, 23 F. Supp. 3d 895, 904 (W.D. Tenn. 2014) (finding that a substitute trustee's mailing of notice complied with the requirement that the "Trustee" provide notice of

sale under the deed of trust). Mickel's mailing of the notice of sale, therefore, satisfied the deed of trust's requirement for the "Lender or Trustee" to "mail a copy of the notice of sale to borrower in the manner provided in Section 15." (Doc. 42-1, at 12.)

Because a compliant notice-of-sale notice was mailed to Plaintiff by first-class mail as required by Section 15 and Section 22 of the deed of trust, and Mickel as substitute trustee had the power and duty to provide the notice under Section 24 of the deed of trust, Defendants sufficiently demonstrate that there is no genuine dispute of material fact that they complied with the notice-of-sale provision of the deed of trust. *See* Fed. R. Civ. P. 56; (Doc. 42). Plaintiff's remaining breach-of-contract claim fails. Since the remainder of Plaintiff's claims and remedies are contingent on the breach-of-contract claim, they also fail. (*See* Doc. 21, at 5 n.3 (explaining that "if Plaintiff cannot establish his breach-of-contract claim, his other claims or requests for particular remedies fail, as they are derivative of his breach-of-contract claim")).

## IV. CONCLUSION

For the reasons set forth above, Defendants' motion for summary judgment (Doc. 42) is **GRANTED**. Plaintiff's remaining claims against Defendants are **DISMISSED WITH PREJUDICE.**

**AN APPROPRIATE JUDGMENT WILL ENTER.**

***/s/ Travis R. McDonough***
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**